UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB - 2 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DUANE R. OLSON, )
)
Plaintiff, )
)
v. ) Civil Action No. 12 0179
)
UNITED STATES OF AMERICA, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

The plaintiff "was arrested, prosecuted, convicted, and punished for conduct alleged and found to be in violation of Title 21, United States Code, Section 841(a)(1)." Compl. ¶ 8 (internal quotation marks omitted); *see United States v. Olson*, 978 F.2d 1472, 1473 (7th Cir. 1992) (affirming convictions of conspiracy to distribute cocaine and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and sentence to 324 months' imprisonment). He since has been released "[a]fter serving 20 years and 6-months in various federal prisons," Compl. ¶ 12, and he remains "under the jurisdiction of the [A]ttorney [G]eneral of the United States and the Federal Bureau of Prisons until January 02, 2014," *id.* ¶ 13. According to the plaintiff, the federal government "exceeded [its] . . . authority to arrest, prosecute, convict, and impose" a prison sentence, *id.* ¶ 49, because the statute under which he was prosecuted did not authorize such actions, *see id.* ¶¶ 49-50, 52, 54, 61. The plaintiff demands a declaratory judgment, *see id.* ¶¶ 74-75, and injunctive relief, *id.* ¶¶ 76-86.

The plaintiff's challenge to the government's jurisdiction properly is construed as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. *See Taylor v. U.S.*

*Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that an attack on the constitutionality of the statute under which a defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255). Such a motion must be filed in the court which imposed the sentence, and the plaintiff may avoid this process only if the remedy is found to be inadequate or ineffective. *See* 28 U.S.C. § 2255(e). The plaintiff's lack of success in raising the same challenge in previous § 2255 motion, *see* Compl. ¶ 90, does not render the remedy inadequate or ineffective. *See Boyer v. Conaboy,* 983 F. Supp. 4, 8 (D.D.C. 1997).

The court will dismiss the complaint for lack of subject matter jurisdiction and it will be dismissed. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 1-31-12